IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN R. GLASSROTH, <br><br> Plaintiff, <br><br> v. <br><br> ROY S. MOORE, <br><br> Defendant. | Civil Action No. CV 01-T-1268-N |
| C. WADE JOHNSON, ROBERT A. BECKERLE, and MELINDA MADDOX, <br><br> Plaintiffs, <br><br> v. <br><br> RICH HOBSON, in his official capacity as Administrative Director of Courts; and ROY MOORE, in his official capacity as Administrative Head of the Alabama Judicial System, <br><br> Defendants. | Civil Action No. CV 01-T-1269-N |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Plaintiffs have sought leave of Court to amend their Complaint in Civil Action No. 01-T-1269-N, by dismissing C. Wade Johnson and Robert A. Berkerle as parties, and by adding Beverly Howard as a party Plaintiff. The Defendants have opposed the Plaintiffs' motion, contending that it does not meet "the

standards of orderly 'judicial administration.'" Defs.' Mem. in Opp. at 2. For the reasons set forth below, the Defendants' arguments should be rejected.

### A. The Plaintiffs' Amendment Complies With the Time Deadlines Set Forth in the Joint Report

The Joint Report of Parties & Planning Meeting *agreed to* by the Defendants in the present case, and subsequently approved by this Court, allows the parties until "May 1, 2002, to join additional parties . . . [or] to amend the pleadings" in the present case. Having agreed to the deadlines set out in the Rule 26(f) joint report, the Defendants ought not now be heard to complain that Plaintiffs' motion to amend -- filed more than two and one-half *months* before the agreed upon deadline -- comes "much too late." *Cf.* Defs.' Mem. in Opp. at 5.

### B. The Defendants Would Not Suffer Any Prejudice From the Amendment

It is axiomatic that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a); *see also Staggers v. Otto Gerdau Co.*, 359 F. 2d 292 (2nd Cir. 1966). "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (*quoting Foman*

v. *Davis*, 371 U.S. 178, 182 (1962)). "'[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999) (*quoting Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981)).[1]

The Plaintiffs' motion to amend was filed within two weeks of the parties' Rule 26(f) joint planning meeting, before any interrogatories or requests for production were served by the Defendants and before the depositions of any of the Plaintiffs had even been noticed. Indeed, as they themselves concede in their memorandum brief (*see* Defs.' Mem. in Opp. at 3), the Defendants *still* have not as yet served any discovery requests on Plaintiffs or Plaintiffs' counsel, and the parties are not scheduled even to *begin* to take each other's depositions until the

---

[1] The Defendants assert that the Plaintiffs' motion is governed by Fed. R. Civ. P. 21 instead of Fed. R. Civ. P. 15. *See* Defs.' Mem. in Opp. at 2. Although the defendants are correct that some courts have evaluated motions of this kind under Rule 21, *see, e.g., Hawkins v. Fulton County,* 95 F.R.D. 88, 91 (N.D. Ga. 1982), other courts have allowed such motions to be filed under Rule 15. *See, e.g, Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.,* 750 F. Supp. 487, 493 (M.D. Fla. 1990). Indeed, some courts have held that Rule 21 is applicable only where there has been a technical misjoinder or non-joinder and that, in other circumstances, Rule 15 should be used to add or drop parties. *See, e.g., Kerr v. Compagnie De Ultramar,* 250 F.2d 860, 864 (2d Cir. 1958); *United States v. E.I. Du Pont de Nemours & Co.,* 13 F.R.D. 490, 494 (N.D. Ill. 1953).

This issue is immaterial, however, because in either case, the standard is the same. *See* Moore's Federal Practice 3D § 15.16[2] at 15-58 (1997) ("Once the defendant files a responsive pleading, [ ] the standards for adding parties are the same under both Rule 15 and Rule 21"). In both cases, the relevant question is whether the amendment/addition/dismissal would prejudice the Defendant or create undue delay . *See Hawkins,* 95 F.R.D. at 91, and Moore's Federal Practice 3D § 21.02[4] at 21-12 (1997), re. Fed. R. Civ. P. 21; *McKinley,* 177 F.3d at 1258, and *Pretty Punch Shoppettes,* 750 F. Supp. at 493, re. Fed. R. Civ. P. 15.

week of April 8, 2002 -- nearly one *month* from now. It is quite clear that the present case is still in the earliest stages of litigation, and that the Plaintiffs' motion to amend will not delay or otherwise impede the progress of the case in any way.

Nonetheless, Defendants claim prejudice in that they have "already invested significant time and energy in preparation of interrogatories and requests for production of documents in relation to Messrs. Johnson and Beckerle, and in preparation for their depositions." Defs.' Mem. in Opp. at 3. However, even if this were true, the Defendants fail to explain why the work they have undertaken during the short two months since they filed their Answer to the Plaintiffs' Complaint would not apply with equal force to the *identical* claims advanced by Plaintiff Melinda Maddox and proposed Plaintiff Beverly Howard. As the Defendants themselves acknowledge, "Ms. Howard's alleged injury presents nothing that Plaintiffs Maddox, Johnson and Beckerle have not already asserted." Defs.' Mem. in Opp. at 5. Therefore, it is entirely reasonable to expect that, their protestations to the contrary notwithstanding, *all* of the "time and energy" invested by the Defendants to date in the present case would remain equally applicable to the preparation of discovery that pertains to Plaintiffs Maddox and Howard. *Cf.* Defs.' Mem. in Opp. at 5.

Next, Defendants contend that it would "compromise the integrity of the judicial system and the proper use of judicial resources" if Messrs. Beckerle and

-4-

Johnson were allowed to "back out [of the case] when the prospect of interrogatories and requests for production of documents and depositions loom[s] on the horizon." Defs.' Mem. in Opp. at 4.² Yet, one might ask, what would be the result if the Court were to deny Messrs. Johnson and Beckerle's motion to dismiss, and they then failed to respond to the Defendants' discovery requests or declined to appear for their depositions? Obviously, Messrs. Johnson and Beckerle would be subject to sanctions, the most severe of which would be to dismiss them from the case – the very thing they are requesting in their motion in the present case. Thus, it would seem absolutely clear that "the standards of orderly 'judicial administration,' taking into account the factors of 'judicial economy' and 'manage[ment],' 'the use of judicial resources,' 'the impact the amendment would have on the judicial system,' and 'the impact the amendment would have on each of the parties already named in the action,'"weigh heavily *in*

---

²The Defendants imply that the Plaintiffs have acted with bad faith in filing their motion at this time. *See* Defs.' Mem. in Opp. at 3-4. Mr. Johnson's status with the Bar of Alabama became inactive on November 20, 2001, after this lawsuit was filed. Prior to that change in his status, although he may have been aware of the *prospect* of becoming inactive, his standing remained intact; it was only *after* this transition that his standing was compromised.

Although Mr. Beckerle's situation has not changed since the inception of this lawsuit, and although Plaintiffs' counsel believe that he continues to have standing to maintain this lawsuit, we recognize that his standing, at this time, is the least certain of the plaintiffs. It has become clear that Defendants' counsel intend to expend a substantial portion of the litigation in this case challenging the Plaintiffs' standing. Accordingly, in order to avoid the inordinate expenditure of substantial time and resources by Plaintiffs' counsel on litigating issues tangential to the merits of this case, Mr. Beckerle has opted to withdraw from the case.

*favor of*, and wholly *support* the granting of the Plaintiffs' motion to dismiss. *Cf.* Defs.' Mem. in Opp. at 2.

The same is true with respect to Plaintiffs' request to add or substitute Beverly Howard as a party Plaintiff in the present case. Although the Defendants deride Ms. Howard for waiting "almost four (4) months after the initial filing of the Complaint" to try to "jump aboard and be counted as a party plaintiff," the fact remains that, if the Plaintiffs' motion to add Ms. Howard is denied, she would be free to file a separate lawsuit in this Court, alleging the same set of facts and violations of law as are alleged in the present case, and her suit would either have to be consolidated with the present one, or the matter separately handled and litigated. Quite obviously, the concerns of "judicial administration" and "judicial economy" relied upon by the Defendants in opposing Ms. Howard's motion would *not* be served by such a result.

Finally, the Defendants cannot claim any prejudice on the basis of having held open April 11, 2002 for the depositions of Messrs. Beckerle and Johnson, because Ms. Howard is available for deposition that day.

**C.     Plaintiffs Johnson and Beckerle Should Be Dismissed Without Prejudice**

Perhaps recognizing the weakness of their argument in opposition to Plaintiffs' motion to amend, the Defendants contend that, "if Plaintiffs Johnson and Beckerle are dropped as party plaintiffs in this case . . . they [should] be

dropped with prejudice..." Defs.' Mem. in Opp. at 6. Once again, however, the Defendants' argument fails.

Although this Court certainly has the discretion to dismiss Plaintiffs Johnson and Beckerle "upon such terms and conditions as the Court deems proper," *Bolten v. General Motors Corp.*, 180 F. 2d 379 (7th Cir.), *cert denied* 340 U.S. 813 (1950), a dismissal with prejudice is appropriate *only* upon a showing of "plain legal prejudice." Moore's Federal Practice 3D § 41.40[5][a] at 41-136 (1997); *Druid Hills Civil Ass'n, Inc. v. Federal Hwy. Admin.*, 833 F.2d 1545, 1550 (11th Cir. 1987), *cert. denied,* 488 U.S. 819 (1988); *McCants v. Ford Motor Co.*, 781 F. 2d 855, 856-57 (11th Cir. 1986); *Greenberg v. Centurion Inv. Grp., Inc.*, 145 F.R.D. 610, 612 (S.D. Fla. 1993), *aff'd,* 20 F.3d 1174 (11th Cir. 1994); *DER v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 346 (M.D. Fla. 1992); *Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc.*, 142 F.R.D. 179, 181 (N.D. Ga. 1991); *Moldovan v. Remington Arms Co.*, 113 F.R.D. 141, 142 (S.D. Fla. 1986), *reconsidered and modified on other grounds*, 25 U.S.P.Q. 2d 1344 (N.D. Ga. 1992). The mere prospect of a second lawsuit does not constitute plain legal prejudice. *See* 9C Wright & Miller, Federal Parctice & Proc. § 2364 at 165 (1971); Moore's Federal Practice 3D § 41.40[b][c] at 41-138 (1997); *Druid Hills,* 833 F.2d at 1550; *McCants,* 781 F.2d at 857; *Greenberg,* 145 F.R.D. at 612; *DER,* 142 F.R.D. at 346; *Moldovan,* 113 F.R.D. at 142; *Farmaceutisk,* 142 F.R.D. at 181. Similarly, the Defendants' assertion that the Plaintiffs are attempting to gain a tactical advantage by

"adding and substituting their favorite 'paper' Plaintiffs," *cf.* Defs.' Mem. in Opp. at 6, is irrelevant because the fact that a party might obtain some tactical advantage by amendment does not provide sufficient grounds to deny a dismissal without prejudice. *See, e.g., Druid,* 833 F.2d at 1550; *McCants,* 781 F.2d at 857; *DER,* 142 F.R.D. at 346. Rather, the Defendant must demonstrate some prejudice to a *legal* interest such as, for example, the loss of a federal forum or the inability to conduct meaningful discovery. *See* Moore's Federal Practice 3D § 41.40[6] at 41-140 (1997); *Wetlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The Defendants make no such claim.

Furthermore, because the prejudice to a defendant generally increases as a case proceeds, dismissals without prejudice are "routinely granted when the action has not been pending long and there has been little discovery or motion practice." Moore's Federal Practice 3D § 41.40[7](a) at 41-143 (1997); *accord Greenberg*, 145 F.R.D. at 612; *DER*, 142 F.R.D. at 346. As stated above, the Plaintiffs' motion to amend was filed within two weeks of the parties' Rule 26(f) joint planning meeting, before any interrogatories or requests for production were served by the Defendants and before the depositions of any of the Plaintiffs had even been noticed. Furthermore, any time, energy and expense that the Defendants have expended preparing discovery requests that have not yet even been served, or preparing for depositions that are not scheduled to be taken for another *month*, would remain fully applicable to the claims of the remaining

Plaintiffs. Thus, the Defendants have failed to demonstrate *any* prejudice – let alone any *substantial* legal prejudice – that would warrant a dismissal with prejudice.

### D.  The Depositions of Plaintiffs Johnson and Beckerle Are Not Properly Taken Once They Have Been Dismissed from the Case

The Defendants assert that "if Plaintiffs Johnson and Beckerle are dropped as party plaintiffs in this case . . . defendants [should still] be permitted to take their depositions." Defs.' Mem. in Opp. at 6. Under Fed. R. Civ. P. 26(b)(1), discovery may be taken "regarding any matter, not privileged, that is relevant to the claim or defense of any party." The sole reason that the Defendants assert for seeking to depose Messrs. Johnson and Beckerle, even after they have been dismissed from the case, is to attempt to demonstrate that they were initially contacted by counsel in this case (or the organizations for which counsel work). *See* Defs.' Mem. in Opp. at 7. The sole legal issue to which the Defendants' claim this information to be relevant is the Plaintiffs' standing. *See id.* at 7-8. This argument lacks merit for several reasons.

First, whether Johnson and Beckerle had standing to bring this lawsuit is wholly irrelevant once they have been dismissed from the case. Second, Johnson's and Beckerle's standing is entirely distinct from Howard's and Maddox's standing. Even if Johnson and Beckerle were initially approached by counsel, this would have no bearing on whether Howard and Maddox entered the

case in the same way.  Finally, and most importantly, the issue of whether a plaintiff was initially approached by an attorney is absolutely irrelevant to whether or she has standing.  The Defendants do not cite a *single case*, nor could they, that discusses, or even mentions, this issue as part of the standing inquiry.  The one case that the Defendants cite on the issue of standing, *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464 (1982) (*see* Defs.' Mem. in Opp. at 6-7), makes no mention of this issue.  Indeed, organizations like Americans United for Separation of Church and State and the American Civil Liberties Union are *constitutionally* entitled to approach persons regarding the pursuit of legal action on issues of this kind.  *See NAACP v. Button*, 371 U.S. 415 (1963); *In re Primus*, 436 U.S. 412 (1978).  Thus, the sole reason provided by the Defendants for the depositions of Messrs. Beckerle and Johnson would have no legal relevance to any claim or defense in this case once they have been dismissed as Plaintiffs, and their depositions are thus appropriately precluded because any benefit therefrom is greatly outweighed by the burden and expense that would be entailed in taking these two additional depositions.  *See* Fed. R. Civ. P. 26(b)(2) (court may limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues).

In sum, the Defendants have failed to show any *legal* prejudice should Messrs. Johnson and Beckerle be dismissed as party Plaintiffs in the present case; therefore, the Plaintiffs' motion to dismiss is due to be granted without prejudice. Likewise, the Defendants have failed to show *any* prejudice should the Court allow Beverly Howard to be added as a party Plaintiff herein; therefore, the Plaintiffs' motion to add Ms. Howard is also due to be granted. Finally, Messrs. Beckerle and Johnson are not properly the subject of deposition if they are dismissed from the case because the information that the Defendants seek from them is not relevant to any claim or defense that would remain in the case.

Respectfully submitted this the 8th day of March, 2002.

*William Z. Messer*
Robert J. Varley (VAR002)
William Z. Messer (MES002)
VARLEY & MESSER, L.L.P.
229 South McDonough Street
Montgomery, AL 36104
334-834-7770
334-834-7785 FAX

Ayesha Khan
Americans United for Separation
   of Church and State
518 C Street, NE
Washington, DC 20002
202-466-3234
202-466-2587 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Reply Brief by e-mail and first class mail, postage prepaid and properly addressed to:

> Hon. D. Stephen Melchior
> 2011 Central Avenue
> Cheyenne, Wyoming   82001
> melchiorlaw@aol.com
>
> Hon. Herbert W. Titus
> 5221 Indian River Road
> Virginia Beach, Virginia   23464
> forecast22@pinn.net
>
> Hon. Charles Campbell
> 11 S. Union Street
> Montgomery, AL   36130-2105
> ccampbell@ago.state.al.us
>
> Hon. John J. Park, Jr.
> 11 S. Union Street
> Montgomery, AL   36130-2105
> jpark@ago.state.al.us
>
> Hon. Phillip L. Jauregui
> P. O. Box 43934
> Birmingham, AL   35243
> pjauregui@mindspring.com
>
> Hon. Rhonda Brownstein
> Southern Poverty Law Center
> P.O. Box 2087
> Montgomery, AL 36102
> rbrownstein@splcenter.org

Done this the 8th day of March, 2002.

*William J. Mann*