**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

JUN 1 2 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| STEPHEN R. GLASSROTH, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 01-T-1268-N |
| | ) | |
| ROY S. MOORE, Chief Justice of the | ) | |
| Alabama Supreme Court, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MELINDA MADDOX, and | ) | |
| BEVERLY HOWARD, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 01-T-1269-N |
| | ) | |
| ROY MOORE, in | ) | |
| his official capacity as Administrative | ) | |
| Head of the Alabama Judicial System, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN OPPOSITION TO
## PLAINTIFFS' CLAIMED HOURLY BILLING RATES
## IN THEIR MOTION FOR ATTORNEYS' FEES

Pursuant to this court's order dated April 29, 2003, Defendant Roy S. Moore files herewith his

brief in opposition to the claimed hourly billing rates for Morris Dees and Danielle Lipow, counsel for

plaintiff Glassroth, and for Robert Varley, William Messer and Allison Pierce, counsel for plaintiffs Maddox

and Howard.

1

**Factual Background**

Prior to the period of limited discovery on the issue of the plaintiffs' attorneys' actual hourly billing rates, plaintiffs' motion for attorneys' fees, insofar as it depended upon an hourly billing rate, rested almost entirely upon the sworn declarations of the attorneys and of their expert, Robert D. Segall. *See* Plaintiffs' Motion for Attorneys' Fees and Expenses (Exhibits H-N) and Memorandum in Support at 11. None of the attorney declarations contained any evidence of any attorney's **actual** hourly billing rate in a comparable case. Rather, after setting forth a narrative of their practice experience, attorneys, Ayesha Kahn, Robert Varley, William Messer and Morris Dees claimed that his or her hourly rate was reasonable in light of the Segall declaration. *See* Exhibit H, ¶17; Exhibit I, ¶5; Exhibit J, ¶8; and Exhibit K, ¶12. While Attorney Lipow set forth her experience, she made no claim that her hourly rate was reasonable or calculated on the basis of market rate in the Middle District. *See* Exhibit L. Attorney Allison Pierce filed no declaration, although attorney Kahn's declaration did include a paragraph in her (Kahn's) declaration stating that Pierce had worked on this case after graduation from law school and a one-year clerkship for a state judge. *See* Exhibit H, ¶14.

The Segall declaration stated that the market rate for "non-contingent civil litigation, including civil rights work ranges from approximately $125.00 to $350.00 per hour." Exhibit N, ¶7. On that basis, and on the basis of his knowledge of the attorneys' experience and reputation, Mr. Segall opined that Morris Dees was entitled to payment at $300.00 per hour, Mssrs. Varley and Messer at $250.00; Ms. Kahn at $250.00; Ms. Lipow at $150.00 and Ms. Pierce at $140.00. Exhibit N, ¶¶ 8-13.

On March 28, 2003, this Court ruled that "[b]ecause the plaintiffs' attorneys have failed to provide sworn testimony as to what their actual hourly billing rates are," each attorney was ordered to submit to

the court "sworn evidence of his or her actual hourly billing rate." In response to this order, each of the attorneys, except for Allison Pierce, filed sworn declarations, as follows:

1. Attorney Morris Dees declared that he has "never charged an hourly rate" for his legal services, that, in his capacity as chief trial counsel of the Southern Poverty Law Center," he works in the public interest and "do[es] not charge clients for [his] time, and that when he "provide[s] legal services to clients in his individual capacity," he works on a "pro bono, fixed or contingency fee basis." Dees Second Supplemental Declaration in Support of Petition for Attorneys Fees and Expenses.

2. Attorney Danielle Lipow declared that she "ha[s] worked in the public interest, and ha[s] not had any occasion to charge a client an hourly rate, since August of 2000," but that she had previously worked for a Washington, D.C. law firm which charged clients for her services at an hourly rate of $160.00, and had she stayed with that firm would be billed at $285.00 per hour. She further declared that "the hourly rate [that she is] seeking — $150.00 — is ... on the low end of the market rate in Alabama," and in support, attached a declaration from a Birmingham, Alabama lawyer who attested that "[i]n complex litigation matters, work performed by a fourth-year associate in our Birmingham and Mobile offices is typically billed at a rate of $150.00 to $180.00 per hour." Lipow Second Supplemental Declaration in Support of Petition for Attorneys Fees.

3. Attorney Ayesha Kahn declared that, since May of 1993, she has had no "occasion to charge a client an hourly rate," but that prior to May 1993, her work for a Washington, D.C. law firm was billed at $160.00 per hour, and that had she stayed with that firm, her work would be billed at "at least $290.00 per hour." Kahn Second Supplemental Declaration in Support of Petition for Attorney Fees.

4. Attorney Varley declared that "all of the cases I have handled since entering private

3

practice have been handled on a contingent fee basis," although his firm's "established hourly rate for representing plaintiffs in moderately complex state of federal litigation is $250.00 per hour." Varley Supplemental Declaration in Support of Plaintiffs' Petition for Attorneys' Fees.

5.       Attorney Messer declared that he did "not have a well-established hourly billing rated, ... hav[ing] almost never charged clients an hourly rate for my services." Additionally, he attested that the firm of Varley and Messer has agreed to accept clients at an hourly rate of $150.00 in cases in which neither has experience, but that in the areas of "moderately complex federal or state litigation" the firm's rate for services is $250.00. Messer Second Supplemental Declaration in Support of Plaintiffs' Petition for Attorneys' Fees.

In response to the filing of the attorney declarations, Defendant moved for further discovery on the matter of the attorney's hourly billing rates. In response, on April 29, 2003, this Court ordered "limited discovery on the issue of the plaintiff attorneys' actual hourly billing rates," the exact "nature and limits of the discovery to be conducted" to be set by the magistrate judge. Thereafter, on May 7, 2003, U.S. Magistrate Judge Boyd ordered plaintiffs' attorneys to furnish to Defendant "a summary description of, along with supporting documentation for, cases litigated during the preceding five years in which [the plaintiffs' attorneys] have requested and received attorneys's fees as prevailing parties in civil rights or constitutional cases."

In response to Magistrate Boyd's May 7, 2003 *Order*, each of plaintiffs' attorneys, except Allison Pierce, responded as follows:

1.       Attorney Kahn furnished the requested information from four church/state cases, including two involving "Ten Commandments" displays on public property. According to Kahn's submission, she

4

had either received attorney fee awards or reach a settlement agreement for such awards in amounts that ranged from an hourly rate of $175.00 to an hourly rate of $295.00. *See* Kahn letter to D. Stephen Melchior dated May 12, 2003, attached hereto as Exhibit 1.

2.    Attorneys Varley and Messer reported no court awards or settlements of fees in any civil rights case, and reported no prior First Amendment Establishment Clause experience whatsoever. Rather, they reaffirmed that attorney Bob Varley has not represented any clients in the past five (5) years on an hourly fee basis; that attorney William Messer has had two (2) cases in the past five (5) which he has charged an hourly fee of $150.00 per hour; and that the law firm of Varley and Messer has recently begun the accepting an hourly rate of $150.00 per hour to attract new clients. *See* Messer letter to D. Stephen Melchior dated May 13, 2003, attached hereto as Exhibit 2.

3.    Attorney Lipow, reporting on behalf of herself and Morris Dees, stated that neither she nor Mr. Dees have claimed or received attorneys' fees at any time in the past five (5) years; that during the past five (5) years, the SPLC has received payment for attorneys' fees in three (3) cases, none of which are First Amendment Establishment Clause cases; that in the case of *Bradley v. Haley*, No. 92-A-070-N (M.D. Ala. Filed Jan. 15, 1992), after eight (8) years of litigation in such case, SPLC attorney's Brownstein and Kleinberg received a total of $48,114.00 in attorneys' fees at the hourly rate of $82.50; that in the case of *Spellman v. Hopper*, No. 95-D-1585 (M.D. Ala.), SPLC attorney Brownstein received a total of $10,982.50 in attorneys' fees at the hourly rate of $67.50 for out of court time spent on such case and $97.50 for in court time; that in the case of *Brown v. James*, No. 98-T-663-N (M.D. Ala.), SPLC attorney's Brownstein and Schultz sought hourly rates of $225.00 and $125.00 respectively, received a total of $54,320.00 in attorneys' fees at the hourly rate of $105.21 for a total of 516.30 hours claimed.

5

*See* Lipow Letter to D. Stephen Melchior dated May 14, 2003, attached hereto as Exhibit 3.

Following receipt of the attorney responses to Magistrate Judge Boyd's May 7, order, Defendant sought further discovery to determine the skills, experience and reputation of the petitioning lawyers to determine the appropriate amount to be paid to such attorneys in this litigation, if any, citing *Dillard v. City of Greensboro*, 213 F.2d 1347 (11th Cir. 2000), and *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). On May 20, 2003, the Magistrate Judge denied Defendant's motion.

### Argument

In seeking an award of attorneys' fees under 28 U.S.C. Section 1988, plaintiffs have the burden of proof, including the burden of proving the hourly rate for which each attorney should be compensated. *Dillard v. City of Greensboro,* 213 F.3d 1347, 1354 (11th Cir. 2000). Although plaintiffs have carried that burden with respect to establishing a market range for civil rights cases in Montgomery, Alabama, they have, except for attorney Kahn, failed to carry the burden of showing where each attorney fits within that market range, to wit:

1.      Robert Varley and William Messer.  Plaintiffs have claimed an hourly rate of $250.00, yet they have utterly failed to provide this Court with any evidence that either has been awarded (or has settled) an attorney's fee in a civil rights case in any federal court in the past five years, or ever, for that matter. Neither Mr. Varley nor Mr. Messer has furnished to this court any evidence of any hourly rate charged in any complex state or federal litigation, or any estimated rate based upon a recovery in a contingency fee case. While attorneys Varley and Messer may have some civil rights case experience in contingent fee litigation, they have furnished no evidence of any parallels between any such cases and the one here.

6

Indeed, Mr. Messer has acknowledged that he has never before "litigated an Establishment Clause case," and Mr. Varley's list of civil rights class actions does not contain one explicit reference to a First Amendment case. *See* Plaintiffs' Motion for Attorney's fees, Exhibits J, ¶5 and I, ¶3.

In contrast, Ms. Kahn, who has claimed the same hourly rate as Mssrs. Varley and Messer, has documented extensive experience in "church-state litigation." *See* Plaintiffs' Motion for Attorneys Fees, Exhibit H, ¶10. In light of these facts, it appears that, at best, Mssrs. Varley and Messer should be compensated at no more than $150.00 per hour, the rate that their firm is now charging in areas in which they have little or no experience.

2.    Morris Dees. Mr. Dees is asking for payment at the hourly rate of $300.00. While Mr. Dees may have an extensive legal background and trial experience, there is no evidence that Mr. Dees has any prior experience in First Amendment Establishment Clause litigation. Indeed, it is instructive that in the last five years Mr. Dees has not participated in any SPLC case in which an award for attorneys fees was even sought.  *See* Exhibit 3 attached hereto.

It is also instructive that, apparently until this case, Mr. Dees has "never charged an hourly rate" for his legal services, having always served "in the public interest" without charge to his clients, both in his individual capacity and as head of SPLC. *See* Dees' Second Supplemental Declaration in Support of Petition for Attorneys Fees. With this case, apparently, Mr. Dees has decided to break with the past, and seek compensation for his services, even though he has attested that the SPLC "agreed to represent Mr. Glassroth in this action on a pro bono basis." *See Plaintiffs' Motion for Attorneys' Fees*, Exhibit K at ¶17.

The evidentiary record in this case is that Mr. Dees' **actual** hourly rate is zero, that he has always served "in the public interest" without charge to his clients, both in his individual capacity and as head of SPLC, and perhaps most importantly, that there was a specific agreement between SPLC and Plaintiff Glassroth that the SPLC would represent Glassroth on a pro bono basis. Claims for attorney's fees under 42 U.S.C. 1988 are available for Plaintiffs, not their attorneys. In this case, Glassroth has no attorneys fees that can be claimed because, by specific agreement between Glassroth and SPLC, no attorneys' fees would be incurred due to SPLC's pro bono representation of Glassroth.

> "The right to statutory attorneys' fees is solely that of the client, not of the attorney. [*Evans v. Jeff D.*, 475 U.S. 717, 727-728, 106 S. Ct. 1532, 89 L.Ed. 2d 747 (1986)]. Assignment frequently occurs in civil rights litigation where the client is unable to pay any fee at all prior to the recovery. What of the circumstance in which the lawyer does not obtain an assignment of the right to the statutory fee, but also does not make any other arrangement for payment of a fee by the client? In that unusual case, probably the best resolution is that counsel is acting on a pro bono basis and cannot recover any fee, either from the client or from the losing party. Because the right to a statutory fee is that of the client, a lawyer who accepts a case without some assurance of payment from a successful client should generally be held to that decision."

10 *Moore's Federal Practice*, §54.174[2][a] (Matthew Bender 3d ed.). Morris Dees is not entitled to and should be awarded no attorney's fees for his participation as attorney for Plaintiff Glassroth in the above-captioned matters.

3.    Danielle Lipow. Because Ms. Lipow is an attorney associated with the SPLC who is bound by the specific attorney's fees agreement made between Mr. Dees, on behalf of SPLC, and Plaintiff Glassroth, i.e., that the SPLC would represent Glassroth on a pro bono basis, no attorney fees should be awarded for Ms. Lipow's participation in the above-captioned litigation.

8

However, should the Court choose to attempt to determine an appropriate market rate for the legal services provided by Ms. Lipow's in the above-captioned litigation despite such specific agreement between the SPLC and Plaintiff Glassroth, Ms. Lipow has claimed that the reasonable market rate for her services in an Establishment Clause case is $150.00 per hour, $25.00 above the minimum rate for an inexperienced attorney in noncontingent civil rights cases in the Middle District. Yet, Ms. Lipow's declaration attests that she did not even become a member of the Alabama bar until 2002, and did not become a lawyer of record in this case until just before the trial. *See* Plaintiffs' Motion for Attorneys Fees, Exhibit L, Para. 7. Prior to the date of her admission to the Alabama bar, Ms. Lipow had served two one-year clerkships, and a temporary position as a law fellow at SPLC, having been promoted to a permanent attorney staff position on May 2002. Furthermore, Ms. Lipow has acknowledged her lack of experience and expertise by her sworn statements in which she admitted to receiving extensive help from two more experienced attorneys on the SPLC staff. *Id.* at ¶¶9 and 10. At best, then, Ms. Lipow should not be paid anything more than the lowest hourly market rate of $125.00 for civil rights litigation. Indeed, even the SPLC's experienced lawyer, Rhonda Brownstein, the attorney upon whom Ms. Lipow relied for advice and guidance in this case, has never been paid an hourly rate that even comes close to the $125.00 per hour being claimed by Ms. Lipow. *See* Exhibit 3 attached hereto.

No attorney fees should be awarded for Ms. Lipow's participation in the above-captioned litigation. If the Court does award of attorney's fees for Ms. Lipow's participation in this case, such fees should be not exceed $125.00 per hour.

4.    Allison Pierce. Plaintiffs have claimed an hourly rate of $140.00 for attorney Allison Pierce, a rate that is $15.00 above the lowest hourly rate for legal services in the area of civil rights litigation in the

Middle District of Alabama. *See* Plaintiffs' Motion for Attorneys Fees, Exhibit N, ¶7. Ms. Pierce has submitted no sworn declaration in support of this claim. According to Ms. Kahn's sworn declaration filed with the Plaintiffs' original motion for attorneys fees, Ms. Pierce provided a "substantial amount of legal research in this case" (Plaintiffs' Motion for Attorneys Fees, Exhibit H, ¶18), the nature and scope of which is documented in Exhibit B (the Activity Record of Allison Pierce) filed with Plaintiffs' original motion. Even a cursory review of the research assignments undertaken by Ms. Pierce demonstrates that a paralegal could have provided the same services. In addition, at the time that Ms. Pierce did such research, she was not on the Americans United legal staff, but rather working as a "Madison Fellow" in her second year out of law school following a state court clerkship. Plaintiffs have furnished this court with no evidence of the nature of the Madison fellowship, other than that it entailed "working on church/state litigation," nor any information of any stipend or qualifications related to the fellowship. Nor has this court been furnished with any evidence of Ms. Pierce's standing as a lawyer, but only as a graduate of a law school and a one-year clerkship with an unknown judge in an unknown state.

Clearly, plaintiffs have failed to sustain their burden of proving that Ms. Pierce should be compensated at the hourly rate of $140.00, $15.00 above the minimum rate for practicing lawyers in noncontingent civil rights cases in the Middle District. Plaintiffs have further failed to sustain their burden that Ms. Pierce should be compensated even at the lowest rate in that they have furnished no evidence of her standing at the bar, nor any evidence of the nature of the fellowship with Americans United, even though they had ample opportunity to do so.

## Conclusion

For the reasons stated herein above, Defendant submits that no attorneys' fees should be awarded for either Dees' or Lipow's participation as Plaintiff Glassroth's attorneys in the above-captioned litigation due to the specific attorneys' fees agreement made between the SPLC and Glassroth that the SPLC would represent Glassroth on a pro bono basis.  Further, and also for the reasons stated herein above, Defendant submits that, with the exception of Ms. Kahn, plaintiffs have failed to sustain their burden of proving the claimed market hourly rates for Mssrs. Dees, Varley and Messer, and for Mss. Lipow and Pierce.  Accordingly, those rates should be reduced as indicated herein should the Court decide to make an award of attorneys' fees in this matter.

**DATED** this 11th day of June, 2003.

DEFENDANT: ROY S. MOORE

BY: _____

D. Stephen Melchior (WY Bar No. 5-2885)
Deputy Attorney General
  for the State of Alabama
2011 Central Avenue
Cheyenne, Wyoming 82001
Tele: (307) 637-2323
Fax: (307) 673-2313
E-Mail: melchiorlaw@aol.com

Herbert W. Titus (VA Bar No. 41126)
Deputy Attorney General
  for the State of Alabama
TROY A. TITUS, P.C.
5221 Indian River Road
Virginia Beach, Virginia 23464
Tele: (757) 467-0616

11

Fax: (757) 467-0834
E-Mail: forecast22@pinn.net

Phillip L. Jauregui (AL Bar No. Jau-001)
Phillip L. Jauregui, LLC
P.O. Box 43934
Birmingham, Alabama 35243
Tele: (205) 970-6050
Fax:  (253) 295-4772
E-Mail: pjauregui@mindspring.com

*Attorneys for Defendant Roy S. Moore*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ___*12th*___ day of June, 2003, a true and correct copy of the foregoing was served on the following persons in the following designated manner:


Morris Dees                         [ x ] U.S. Mail
Rhonda Brownstein                   [___] Fed Ex
J. Richard Cohen                    [ x ] Fax      (334-956-8481)
Danielle Lipow                      [___] Hand Delivered
P. O. Box 2087                      [ x ] E-Mail  (rbrownstein@splcenter.org)
Montgomery, AL 36102–2087                          (jbruno@splcenter.org)
*Attorneys for Plaintiff Glassroth*                (dlipow@splcenter.org)


Ayesha Khan                         [ x ] U.S. Mail
Americans United for Separation     [___] Fed Ex
  of Church and State               [ x ] Fax      (202-466-2587)
518 C. Street, N.W.                 [___] Hand Delivered
Washington, DC 20002                [ x ] E-Mail  (khan@au.org)
*Attorney for Plaintiffs Maddox and Howard*


Robert J. Varley                    [ x ] U.S. Mail
William Z. Messer                   [___] Fed Ex
229 S. McDonough Street             [ x ] Fax      (334-834-7785)
Montgomery, AL 36104                [___] Hand Delivered
Tel: (334) 834-7770                 [ x ] E-Mail  (wzmesser@networktel.net)
*Attorneys for Plaintiffs Maddox and Howard*        (rjvarley@networktel.net)


12

Robert M. Weinberg                        [ x ] U.S. Mail
Staff Attorney                            [____] Fed Ex
ACLU of Alabama                           [ x ]  Fax: (334) 269-5666
207 Montgomery Street, Suite 825          [____] Hand Delivered
Montgomery, AL 36106                      [ x ] E-Mail (rwaclual@bellsouth.net)
Tel: (334) 265-2754 ext. 203
*Attorney for Plaintiffs Maddox and Howard*



**AMERICANS**
**UNITED**
*f o r  S e p a r a t i o n  o f*
*C h u r c h  a n d  S t a t e*

518 C Street, N.E.

Washington, D.C. 20002

(202) 466-3234 phone

(202) 466-2587 fax

americansunited@au.org

www.au.org

May 12, 2003

VIA U.P.S. 2nd DAY AIR

D. Stephen Melchior
2011 Central Avenue
Cheyenne, WY  82001

      Re:    Documents re. Fee Awards Within Past Five Years

Dear Steve:

Enclosed please find the following:

**(1) Three Letters, along with the Settlement Agreement and Order in** *Baker v. City of Manhattan*, **No. 99-2159-KHV (D.Kan.).** This was a challenge to a Ten Commandments monument outside City Hall. The plaintiffs prevailed on the merits by settlement.

Fees were sought under 42 USC § 1988. The plaintiffs' entitlement to attorneys' fees was settled between the parties without the filing of a fee petition with the court. I have included the correspondence that reflects how the settlement was reached. We sought $240 per hour for my work and then ultimately settled, without the court's involvement, for about three-quarters of our total request. This took place in September 1999.

**(2) Summary of Fee Claim, along with the Order and Final Judgment in** *Deveny v. Board of Education*, **No. 2:02-0493 (S.D.W.V.).** This case challenged the inclusion of student-led prayer at a public high school graduation ceremony. The plaintiffs prevailed with the issuance of a TRO by the court.

The plaintiffs sought fees under 42 USC § 1988. The plaintiffs sent the defendants a summary of the fees incurred in the case (which was based on an hourly rate of $295 for my work), which the defendants voluntarily agreed to pay in full, in August 2002.

**(3) Motion, Reply, Magistrate Report and Recommendation, and Judgment from trial court proceedings in** *Doe v. Ouachita Parish*, **No. 99-2203 (W.D. La.).** This was a challenge to the constitutionality of a state statute that authorized prayer in the public schools, and a challenge to the practice of allowing students to deliver a prayer over the intercom at schools within the district. The plaintiffs prevailed by the court's issuance of summary judgment on the former challenge, and by settlement on the latter challenge.

The plaintiffs sought fees under 42 USC § 1988. The plaintiffs' originally requested an out-of-town rate of $245 for my time. However, we agreed, in our reply, to accept a local rate of $175 for my time. Rather than addressing the question of whether I was entitled to a higher rate, the court simply awarded the

*Your voice in the battle to preserve religious liberty*



hourly rate to which I had acceded.  The fee award was issued in October 2000.

**Motion, Receipt, Release, Satisfaction of Judgment and Indemnity Agreement, and Notice of Withdrawal for attorneys' fees incurred on appeal in *Doe v. Ouachita Parish*, No. 00-30874 (5th Cir.).**  The plaintiffs prevailed on appeal with the issuance of a decision by a 3-judge panel.  *See* 274 F.3d 289 (5th Cir. 2001).

The plaintiffs requested compensation at the same rates that were awarded by the district court, again pursuant to 42 USC § 1988.  The State elected to pay the requested amount in full, as the Release indicates, and we withdrew our motion.

**(4) Amended Motion and Court Order in *Young v. Charleston County*, No. 97-CP-10-3491 (S.C. Ct. Common Pleas).**  This was a challenge to a Ten Commandments plaque in a county council chambers.  The plaintiffs prevailed on summary judgment issued by the court.

The plaintiffs sought fees under 42 USC § 1988, S.C.R. Civ. Pro. 54, and S.C. Code Ann. § 15-77-300.  The plaintiffs requested compensation for my time at an out-of-town rate of $240 per hour.  The court awarded me $200 per hour.  Steven Green, an attorney who had slightly more experience then than I do now, was awarded $250 per hour.  The fee ruling was issued in November 2000.

The plaintiffs have provided these documents to comply with Magistrate Boyd's May 7th Order.  By providing these documents, however, the plaintiffs do not waive their ability to object to their presentation to or consideration by the Court on evidentiary or other grounds.  *See, e.g.,* F.R.E. 408.

Sincerely,

Ayesha Khan, Esq.

cc:     Herbert W. Titus (without attachments)
        Phillip L. Jauregui (without attachments)
        Morris Dees & Danielle Lipow
        William Messer & Robert Varley

# VARLEY & MESSER, L.L.P.

### ATTORNEYS AT LAW
8219 OLD FEDERAL ROAD
MONTGOMERY, ALABAMA  36117

ROBERT J. VARLEY
WILLIAM Z. MESSER

PHONE: (334) 834-7770
FAX: (334) 834-7785

May 13, 2003

SENT VIA FAX TO (307) 637-2313, E-MAIL, AND FIRST CLASS MAIL

Hon. D. Stephen Melchior
Attorney at Law
2011 Central Avenue
Cheyenne, WY   82001

      RE:   *Glassroth v. Moore*, CV 01-T-1268-N
            *Maddox v. Hobson*, CV 01-T-1269-N
            Middle District of Alabama

Dear Steve:

I am writing on behalf of Bob Varley and myself pursuant to Judge Boyd's Order of May 7, 2003.

To the best of our collective knowledge, Bob has not represented any clients in the past five years on an hourly fee basis. All of the cases Bob has handled while in private practice were done on a contingent fee basis, including several federal court cases he litigated during that time.

With respect to the two cases of mine referenced in Judge Boyd's order, both cases were opened in 2003, and in each case the client separately paid our firm a flat fee of $1,500.00, based on an estimated ten hours work at $150.00 per hour. One case involved the preparation of a revocable trust agreement; the other case involved the probate of a decedent's estate by the widow. As I believe I indicated previously, since the beginning of 2003 our firm has started to practice in some new areas of transactional law, including administrative matters, trusts and estates and small business organizations. As I stated in my April 2, 2003, declaration, because of our lack of experience and expertise in these areas and in order to attract new clients, we agreed to accept the lower hourly rate of $150.00 per hour for our work in these two cases.



Hon. D. Stephen Melchior
May 13, 2003
Page 2

Please let me know if we can be of further assistance.

Sincerely,

*Bill Messer*

William Z. Messer

cc:    (by e-mail and first class mail)
       Hon. Herbert W. Titus
       Hon. Phillip L. Jauregui
       Hon. Ayesha Khan
       Hon. Morris Dees
       Hon. Danielle Lipow



**Southern Poverty Law Center**
400 Washington Avenue
Post Office Box 2087
Montgomery, AL 36102-2087
tel 334/956-8200
fax 334/956-8481
www.splcenter.org

May 14, 2003

***VIA FEDERAL EXPRESS AND ELECTRONIC MAIL***

Mr. D. Stephen Melchior
2011 Central Avenue
Cheyenne, Wyoming 82001

**Re:  Response to Judge Boyd's Order Dated April 29, 2003**

Dear Steve:

This letter responds to Judge Boyd's Order of April 29, 2003 ("Order").  All pleadings and correspondence referenced herein are attached.

In sum, the Southern Poverty Law Center ("SPLC") has requested and received fees in three cases over the past five years: *Bradley v. Haley*, No. 92-A-070-N (M.D. Ala.); *Spellman v. Hopper*, No. 95-D-1585 (M.D. Ala.); *Brown v. James*, No. 98-T-663-N (M.D. Ala.).  In all three cases, fees received by SPLC were paid pursuant to settlements between the parties.  In two cases – *Spellman* and *Bradley* – the parties reached agreements concerning fees before the plaintiffs had even filed a motion for attorney fees.

None of the cases involves the two SPLC attorneys who are requesting fees in this action: Morris Dees and Danielle Lipow.

I.     ***Bradley v. Haley*** – Plaintiffs never filed a motion for attorney fees and costs in this action, but the ultimate settlement included a provision requiring the State to pay attorney fees and costs in the amount of $762,233.  Settlement Agreement at ¶ 31; *see also* Order (9/28/00) (requiring defendants to pay $762,233 in fees and costs).

      a.     **Case Name, Docket Number, and Court**

*Bradley v. Haley,* No. 92-A-070-N (M.D. Ala. filed Jan. 15, 1992).

      b.     **Case Description, Including Claims and Outcome**

The plaintiffs in *Bradley* challenged "the constitutional adequacy of the mental health treatment provided to persons with serious mental illness by the Alabama Department of Corrections." Settlement Agreement at 1.  After eight years of litigation,



Plaintiffs obtained a very favorable settlement with no admission of liability by the defendant. *Id.* at ¶ 27.

####    c.    Statutory Basis for Fee Claim

The statutory basis for the *Bradley* plaintiffs' fee claim was 28 U.S.C. § 1988, as modified by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d)(3). Under the PLRA, attorney fees in prison condition cases are capped at 150% of the hourly rates set forth in the Criminal Justice Act ("CJA") for the payment of court-appointed counsel. 42 U.S.C. § 1997e(d)(3) (incorporating 18 U.S.C. § 3006A).

At all times relevant to the *Bradley* litigation, the maximum hourly rates recoverable under the PLRA were $90 for court time (150% of the CJA rate of $60) and $60 for out-of-court time (150% of the CJA rate of $40). *See* 42 U.S.C. § 1997e(d)(3) (incorporating 18 U.S.C. § 3006A); *accord* U.S. Court of Appeals for the Eleventh Circuit, Eleventh Circuit Plan Under the Criminal Justice Act at ¶ a(1).[1]

####    d.    Lawyers Asserting Claim for Fees

Two SPLC lawyers requested attorney fees in *Bradley*: Rhonda Brownstein and Liz Kleinberg. *See* Letter by R. Brownstein to A. Redd & J. Wilson at 2 (8/21/00).

####    e.    Hourly Rate and Number of Hours Claimed

In order to facilitate settlement, the SPLC attorneys in *Bradley* agreed to accept a reduced rate of $82.50 per hour for their time. *Id.* Ms. Brownstein sought compensation for 320.4 hours (90% of her actual hours); Ms. Kleinberg sought compensation for 262.8 hours (90% of her actual hours).[2] *Id.*

####    f.    Hourly Rate and Number of Hours Approved by the State

The state agreed to pay all SPLC personnel, including both attorneys listed above, for all hours claimed, at the agreed upon rate.

In sum, the state agreed to pay $88,845 for SPLC attorney fees in *Bradley*, including fees for time spent by paralegals and law students employed by SPLC. *See* Letter by J. Wilson to R. Brownstein & G. Gear (8/23/00). Of the $88,845 payment, $48,114 represented fees for time spent by attorneys, $39,119 represented fees for time

---

[1] As the Eleventh Circuit has recognized, "compensation provided under [§ 3006A] is not intended to equate with private counsel fees." U.S. Court of Appeals for the Eleventh Circuit, Eleventh Circuit Plan Under the Criminal Justice Act at 1, ¶ a; *accord Mills v. United States*, 713 F.2d 1249, 1256 (7th Cir. 1983) ("[I]t is important to remember that the Criminal Justice Act was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice.").

[2] Ms. Brownstein's letter of August 24, 2000, mistakenly listed 293 hours for Ms. Kleinberg instead of 292, but the error did not affect the dollar amounts shown, which were calculated based on a starting point of 292 hours. (292 x $82.50 = $24,090, less 10% is $26,433.)

spent by paralegals, and $1,612 represented fees for time spent by law students. *See* 8/21/00 Letter at 2.

II.    ***Spellman v. Hopper*** – In this litigation, the parties reached an agreement concerning fees and costs that rendered it unnecessary for the plaintiff to file a motion for attorney fees. Pursuant to that stipulation, which the court adopted as binding, *see* Order (6/8/00), the defendant agreed to pay a total of $10,982.50 in fees and costs. *See* Stipulation (6/2/00).

a.    **Case Name, Docket Number, and Court**

*Spellman v. Hopper*, No. 95-D-1585 (M.D. Ala.)

b.    **Case Description, Including Claims and Outcome**

*Spellman* was a § 1983 action that raised a First Amendment challenge to a Department of Corrections regulation that limited access to subscription publications for prisoners in administrative segregation. The court held that the regulation violated the First Amendment to the U.S. Constitution.

c.    **Statutory Basis for Fee Claim**

The statutory basis for the fee claim in *Spellman* was 28 U.S.C. § 1988, as modified by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d)(3). *See supra*. At all times relevant to the *Spellman* litigation, the maximum hourly rates recoverable under the PLRA were $90 for court time and $60 for out-of-court time. *See* 42 U.S.C. § 1997e(d)(3) (incorporating 18 U.S.C. § 3006A); *accord* U.S. Court of Appeals for the Eleventh Circuit, Eleventh Circuit Plan Under the Criminal Justice Act at ¶ a(1).

d.    **Lawyers Asserting Claim for Fees**

Rhonda Brownstein was the only SPLC attorney who sought fees in *Spellman*. *See* Letter by R. Brownstein to E. Leonard (4/12/00) (including time log).

e.    **Hourly Rate and Number of Hours Claimed**

In light of the PLRA's limitation on fees, and taking into consideration that some of Ms. Brownstein's hours predated the PLRA, SPLC agreed to accept $67.50 per hour for out-of-court time and $97.50 per hour for court time. *See* Letter by R. Brownstein to E. Leonard (4/18/00). Ms. Brownstein sought compensation for a total of 103 hours.

f.    **Hourly Rate and Number of Hours Approved by the State**

The state agreed to pay Ms. Brownstein's fees for all hours claimed, at the rate requested. Letter by E. Leonard to R. Brownstein (5/3/00).

III.   ***Brown v. James*** – In this litigation, Plaintiffs filed a motion for attorney fees and costs totaling $130,540.83. *See* Pls.' Motion for Attorneys' Fees and Costs (filed 2/1/99); Pls.' Motion to Substitute Corrected Page One of Motion for Attorney's Fees and Costs (filed 2/12/99). One month later, the parties filed a stipulation as to fees and costs and Plaintiffs withdrew their pending motion. Stipulation Regarding Attorney's Fees and Costs (filed 3/1/99); *see also* Order (3/3/99) (ordering that motion for attorney fees be withdrawn).

   **a.   Case Name, Docket Number, and Court**

   *Brown v. James*, No. 98-T-663-N (M.D. Ala.).

   **b.   Case Description, Including Claims and Outcome**

   *Brown* was a class action on behalf of disabled Medicaid recipients challenging the state's refusal to provide coverage for Augmentative and Alternative Communication ("AAC") devices – devices that were necessary to enable the class members to communicate. Plaintiffs' claims arose under the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiffs sought declaratory and injunctive relief.

   Shortly after the complaint was filed, the State agreed to fund AAC devices as a general proposition, and the focus of the lawsuit shifted to eligibility for coverage. After extensive negotiations, the State proposed a draft regulation that complied with all relevant statutes. In light of that draft regulation, the parties reached a settlement as to the merits, but not as to attorney fees and costs.

   **c.   Statutory Basis for Fee Claim**

   The statutory bases for the fee claim in *Brown* were 28 U.S.C. § 1988, 42 U.S.C. § 12205, and 29 U.S.C. § 794(a).

   **d.   Lawyers Asserting Claim for Fees**

   Of the six attorneys who sought fees in *Brown*, two were employed by SPLC: Rhonda Brownstein and Mary Beth Schultz. *See* Pls.' Motion for Attorneys' Fees and Costs (filed 2/1/99).

   **e.   Hourly Rate and Number of Hours Claimed**

   Ms. Brownstein sought compensation for 151.2 hours at a rate of $225 per hour. Brownstein Aff. at ¶ 4 & ¶ 10. Ms. Schultz sought compensation for 365.1 hours (a portion of her actual hours) at a rate of $125 per hour. Schultz Aff. at ¶¶ 4-5.

4

**f.     Hourly Rate and Number of Hours Approved by the State**

While the plaintiffs' motion for fees was pending, the parties agreed to resolve the issue of fees and costs for $96,500 in attorney fees and $1668.33 in costs.  *See* Letter by R. Brownstein to J. McLemore (3/1/99).  Of the $96,500 payment for fees, $54,320 was intended for and retained by the SPLC attorneys.  *See* Letter by R. Brownstein to D. Filler (4/19/99) (enclosing $29,205 for fees allocable to three attorneys affiliated with the Alabama Disabilities Advocacy Project); Letter by R. Brownstein to L. Golinker (4/19/99) (enclosing $12,975 for fees allocable to Lew Golinker).  The $54,320 payment for SPLC attorney fees was approximately 70% of the amount requested in the plaintiffs' motion.  *See* Pls.' Motion for Attorneys' Fees and Costs (filed 2/1/99).

Please do not hesitate to contact me if you have any questions about the foregoing summaries or the enclosed documents.

Sincerely,

Danielle J. Lipow

cc:     Herb Titus
        Phillip Jauregui
        Morris Dees
        J. Richard Cohen
        Rhonda Brownstein
        Ayesha Khan
        William Messer
        Robert Varley
        Robert Weinberg

5